UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                    CASE NO.: 23-72809-las

Michael Thomas Dolan Sr.,                                **CHAPTER 13**

                                        Debtor(s).
-----------------------------------------------------------X

## DEBTOR'S OPPOSITION TO MOTION FOR RELIEF
## FROM THE AUTOMATIC STAY

Michael Thomas Dolan Sr, by and through his attorneys, Phillips, Artura & Cox, pursuant to Section 362 of Title 11 of the United States Code and Section 1301 of Title 11 of the United States Code files this objection to the motion for relief from stay returnable September 26th, 2023, at 10:00 am.  The Debtor denies that the movant has established sufficient legal grounds to justify the entry of an order granting it relief from the automatic stay and states the following:

1.      This affirmation is submitted in opposition to the motion filed by 21st Mortgage Corp. (hereinafter "Movant"), a secured creditor in this bankruptcy, seeking to terminate the automatic stay against Debtor's home at 21 Kent Place, Smithtown, NY (hereinafter the "Premises")

2.      The Chapter 13 Debtor Michael Thomas Dolan Sr., (hereinafter "Debtor") opposes Movant's instant application on the following grounds: (1) Movant is unable to demonstrate a lack of equity or a lack of adequate protection or cause under 11 U.S.C. §362(d)(1) or (d)(2) (A) or (B); (2) lifting the stay would unfairly prejudice the Debtor defeating the very purpose for which the debtor's sought bankruptcy protection;  and (3) Debtor is diligent with his plan payments, and as of today all of the Debtor's payments are current and a modification application has been submitted thereby nullifying any assertions of a scheme to defraud this creditor under 11 U.S.C. §362(d)(4).

## PROCEDURAL HISTORY and STATEMENT OF RELEVANT FACTS

3.      On August 1, 2023, the Debtor herein filed a voluntary petition for Chapter 13 bankruptcy.

4.      On August 21, 2023, the movant made an application to have the stay lifted.

5.      Most of Movant's recital of the bankruptcy and foreclosure history is accurate and will not be repeated herein.  See movants ‖‖ 1-8.  Debtor contests ‖9 as movant undervalued the premises through a questionable valuation method.

6.      Movant moves for a relief from the stay pursuant to Bankruptcy Rule §362(d) (1) or (2) and which states in relevant part that:

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> **(1)** for cause, including the lack of adequate protection of an interest in property of such party in interest;
> **(2)** with respect to a stay of an act against property under subsection (a) of this section, if--
>     **(A)** the debtor does not have an equity in such property; and
>     **(B)** such property is not necessary to an effective reorganization;"
>     11 U.S.C.A. § 362 (West)
>
>     and second, based upon 11 U.S.C. §362(d)(4) which states in relevant part that:
>
> "(4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either[.]"

7.      In lifting the stay a movant must demonstrate that it has cause and lack of adequate protection in the property.

8.      Movant's argument, however, lacks proper proof as the Debtor has equity in the premises and that the Debtor does indeed seek to remain in his home by proceeding with the appropriate payments to the trustee and application for a mortgage modification and thus is not part of any scheme to defraud this creditor.

### Point I

*The Debtor Can Demonstrate that he is current with the Payments on the plan and That Maintaining the Stay Will Not Result in Any Damage to the Creditor*

9.      On August 1, 2023, the debtor filed this Chapter 13 Bankruptcy seeking to reorganize his debt and apply for a mortgage modification in order to enable him to afford mortgage payments so that he may retain the family home.  Due to the debtor's inability to receive proper legal advice and his lack of experience in this type of proceedings his three (3) prior *pro se* cases were dismissed by the Court as detailed in the motion papers.

10.      On August 17, 2023, the Debtor did retain counsel and through the undersigned, proper schedules and a plan were filed.  This time the debtor was properly counseled, exercised due diligence and has been making plan payments to the Trustee and has made application to this very lender for a modification.  See the modification Plan filed herein as docket item 23 and Exhibit "1" evidencing timely plan payments to the trustee made through TFSBillPay.

11.      Secured creditor, though scheduling numerous foreclosure sales, upon information and belief, has never entertained a mortgage modification application.  Debor and his wife believe and plan to be able to save and maintain their house if allowed to pursue their loan modification request.

12.      The Debtor and his wife and co-owner have a vested interest in maintaining the premises, as they have equity in the premises in question and it has been their home for many years.  The Debtor filed for bankruptcy relief under Chapter 13, and the Debtor has demonstrated

beyond a doubt that he is ready, willing and able to make mortgage payments under a modified mortgage. The Debtor is current with payments to the case trustee showing the clear intention of completing the plan and good faith ability to complete the modification application and the bankruptcy process.

13.     On the other hand, if the stay is lifted, the Debtor and his wife may very well become homeless, which should not occur since the Debtor has equity in the premises and is able to demonstrate code compliance and due diligence and proceed with the appropriate modification application and plan payments.

14.     The fact that all required bankruptcy papers were filed, that scheduled payments have been timely made and that a modification application has been submitted shows that no "cause" exists for lifting the stay.

### Point II

*The Debtor Can Demonstrate that there is equity in the premises.*

15.     11 U.S.C.A. § 362 provides in part-

(**g**) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
(**1**) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
(**2**) the party opposing such relief has the burden of proof on all other issues.

16.     Herein Movant provides as their Exhibit G a "drive by" valuation dated November 18, 2022, by a company "REO America". Though not disclosed in their valuation the company purporting to value this house in Smithtown, NY is located at 1902 Royal Oak Road, Tustin CA 92780 at $760,000.

17.     Attached as debtor's Exhibit "2" is a broker's opinion letter from Valerie Labianca a NYS licensed Real Estate Agent for Douglas Elliman Realty, a licensed broker with

two (2) offices in Smithtown New York, one at 200 W. Main Street and another at 550 Smithtown Bypass.  The valuation was done after an interior inspection and was completed on September 18, 2023, and resulted in a valuation of $849,000.

18.	The valuation submission by the creditor as their Exhibit G does not meet their burden of proof in that it is made by an out-of-state company, does not include an interior inspection and is almost a year old.

19.	⁋ 9 of the motion has the first mortgage payoff at $735,320.28 against their valuation of $760,000, leaving equity of $24,679.72.  Even at this questionable valuation they concede the property has equity but somehow argue that the debtor's homestead exemption cancels out the equity.  (If this secured mortgage lien holder is conceding that their mortgage lien is inferior to the homestead exemption than perhaps, they should consider that this affirmation could and may be used in the foreclosure action.)  In any event the only proper valuation is that of the debtor's brokers at $849,000, leaving equity of $113,679.72.  (Courts have similarly held that a secured creditor is adequately protected where the value of the property is significantly more than the amount of the secured creditor's claim—that is, that an equity cushion adequately protects the secured creditor's interest. *See, e.g., Pistole v. Mellor (In re Mellor),* 734 F.2d 1396, 1400 (9th Cir.1984); *In re Novak,* 103 B.R. 403, 411–12 (Bankr.E.D.N.Y.1989); *In re Fortune Smooth (U.S.) Ltd.,* 1993 WL 261478, at *6 (Bankr.S.D.N.Y.1993); *Sanders v. Tucker (In re Tucker),* 5 B.R. 180, 182 (Bankr.S.D.N.Y.1980).)  *In re Oligbo,* 328 B.R. 619, 651 (Bankr. E.D.N.Y. 2005).  See also *n re McKillips,* 81 B.R. 454, 458 (Bankr. N.D. Ill. 1987) (stating that "an equity cushion of 20% or more constitutes adequate protection")

20.     Therefore, under 11 U.S.C. §362(d)(1) or (d)(2) (A) or (B) the lift stay motion must be denied as the "equity cushion adequately protects the secured creditor's interest."  Note also that the debtor making timely payments to the trustee constitutes that the secured creditor is additionally adequately protected.

Point IV

*The Debtor Can Demonstrate that the filing of the petition was not part of a scheme to delay, hinder, or defraud*

21.     This is admittedly the fourth (4) bankruptcy filing by the Debtor and movant maintains that alone provides a basis to find that the serial bankruptcy filings are part of a scheme to delay, hinder and defraud secured creditors.  However, such assertion is misleading for the following reasons:

   a.  the first three (3) bankruptcies were filed without proper legal consultation.  The debtor had apparently taken advice from unscrupulous people and filed without an attorney and without knowledge of the modification programs that are available to borrowers substantially behind on their mortgage payments.

   b.  The *pro se* bankruptcies that were filed were not successful, which was the reason to proceed with this Chapter 13 filing for bankruptcy allowing the Debtor to properly apply for a modification and make appropriate payments to the trustee while the application is pending.

   c.  There were  four (4) sale dates placed on the property, one in 2020, one in 2022 and  two (2) in 2023  The debtor in turn filed four (4) Chapter 13 petitions  (with the instant filing being proper) which does not necessarily substantiate the

assertion that the four (4) bankruptcies filed over a three (3) year period were part

of a scheme to delay, hinder and defraud the secured creditor.

    d.   The scheme allegation is belied by the fact that the Debtor has now filed

schedules and a Chapter 13 plan and has timely made his first scheduled plan

payment to the Chapter 13 trustee and the second payment will be pending by the

time of this hearing.  The Debtor, through this office, has made an application to

the movant for a modification, his first.  As of the date of this affirmation we

have not received any correspondence or directive requesting further

documentation or clarification.  In the undersigned's humble opinion this Debtor

and his wife's combined net income of $7,787.79 per month is just sufficient to

qualify for a modification, assuming the court gives the bank an opportunity to

examine the already submitted modification application.

22.    While the record is undisputable on the number of filings, in most other cases

where *in rem* relief is granted the "debtors have neither filed nor confirmed a chapter 13 plan"

and "none of their chapter 13 cases were prosecuted to any meaningful extent." *In re Blair,* No.

09-76150-AST, 2009 WL 5203738, at *4 (Bankr. E.D.N.Y. Dec. 21, 2009).  See also *In re*

*Montalvo*, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009) where six (6) cases were filed before a

"scheme" was declared by the court.

23.    To suggest that the Debtor has a scheme to hinder, delay and defraud, is an

egregious and sad suggestion by opposing counsel.  The very corporate coldness perpetuates the

negative perception of the "big banks" and their callous disregard for the persons that are

ultimately their clients.  The effort of these borrowers was to save the home and the fear of

becoming homeless.  The current good faith plan payments to the trustee and their modification

application belies the contention of a scheme to hinder, delay and defraud this creditor.

 

**WHEREFORE,** the Debtor having responded to the motion for relief filed herein

respectfully requests**:**

     A.      That the motion to lift the automatic stay be denied.

     B.      That the Debtor(s) have such other and further relief as to the court may seem just

and proper.

Dated: September 19, 2023
       Lindenhurst, New York

                                      Respectfully submitted,

                                      S/Richard F. Artura, Esq.
                                      Richard F. Artura, Esq.
                                      Phillips, Artura & Cox
                                      Attorneys for the Chapter 13 Debtor
                                      165 South Wellwood Avenue
                                      Lindenhurst, NY 11757
                                      (631) 226-2100
                                      Bankruptcy@pwqlaw.com